CHARLOTTE, COLUMBIA & AUGUSTA RAILROAD COMPANY v. CHESTER & LENOIR NARROW GAUGE RAILROAD COMPANY.

*Railroad Companies—Leased Railroad—Operation of—Receivers, Liability of.*

1. While debts due by an insolvent railroad company cannot be off-set against debts due to the receivers of such company, debts contracted by receivers are valid counter-claims against debts due to them.

RAILROAD *v.* RAILROAD.

2. The receivers of a lessee railroad company must apply the income and revenue received from the operation of a leased railroad in accordance with the covenants of the lease so long as they operate it, and the claims of the lessor company for rent, accrued while its road was so operated, is a valid set-off against a claim for supplies and materials furnished by such receivers.

APPEAL by the defendant, the Chester & Lenoir Narrow Gauge Railroad Company, from the order of *Judge J. G. Bynum*, dated July ___, 1894, and the order made by his Honor, *Judge W. R. Allen, at Chambers*, on December ___, 1894, in a civil action depending in the County of CATAWBA.

The action was for appointment of a receiver and to cancel a lease and compel the defendant to take back its road. The receivers of the Richmond & Danville Railroad Company intervened with a claim for supplies and materials furnished to the defendant road while it was being operated by said receivers under a lease from the plaintiff Company. The defendant interposed as a counter-claim a claim for rent due from the receivers of the Richmond & Danville Railroad Company under the covenants contained in the lease to the plaintiff Company. Judgment was rendered for the intervenors, and defendant appealed.

*Mr. F. H. Busbee*, for plaintiff.
*Messrs. A. G. Brice* and *Edmund Jones*, for defendant (appellant).

CLARK, J. : It is true that for debts due to receivers of a railroad company debts due by the company cannot be used as a counter-claim. To permit that would much embarrass, and in many cases defeat, the very object of the receivership, which is to keep the railroad in operation as

" a going concern, " when otherwise it would be strangled and its operations brought to an end by the pressure of corporation debts. But against debts due to receivers, debts contracted by such receivers are a valid counter-claim and set-off. The receivers of the Richmond & Danville Railroad Company operated the line of the defendant corporation for nearly 18 months after their appointment and paid the first rental that accrued. The Richmond & Danville receivers, so far as they operated the defendant's property and actually collected and received the income and revenue therefrom, were bound to apply said income and revenue in accordance with the covenants of the lease made by the defendant corporation to the C. C. & A. R. R., and which covenants were assumed by the R. & D. R. R. when it leased the C. C. & A. R. R. system. This very point has been thus decided between the same parties by SIMONTON, J., in the United States Circuit Court, 63 Federal Reporter, 21. To the same purport is Gluck & Boek on Receivers, 272, where it is said : " Receivers taking charge of a leased road will be equitably and legally chargeable with the payment of rent under a lease for such time as they continue to occupy the property demised." The R. & D. receivers cannot recover for the supplies and material furnished the defendant or its receivers without accounting for the earnings from the Chester & Lenoir road which came into their hands, and showing that the earnings had been applied in accordance with the terms of the lease.

The judgment below is set aside and the cause remanded, that the account may be restated, in which case the R. & D. receivers must show that they have applied the earnings from the Chester & Lenoir road while operated by them, in accordance with the covenants of the lease, (marked Exhibit B) and that their claim, or part of

MERRICK *v.* STREET RAILROAD COMPANY.

it, is still unpaid after such application of the earnings, and in the account the receivers must also show that they surrendered the Chester & Lenoir road in as good a condition as they (the receivers) received it, with the same amount of supplies and material on hand, or be chargeable with the deficiency as an off-set to their claim against the defendant, unless, of course, the amount of supplies turned over and the condition of the road, if there has been any deterioration in their hands, still equal the quantity of supplies, and the condition of the road when the contract of lease was executed by the Richmond & Danville Company. The cause is remanded that an account may be restated in accordance with this opinion.

There is Error.